IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY JOSHUA GOUVEIA, A3005875, | ) ) ) | CIV. NO. 20-00342 JAO-RT |
| Plaintiff, | ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND |
| vs. | ) ) ) | MOTION FOR APPOINTMENT OF COUNSEL |
| CAPTAIN JACKIE M., *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is pro se Plaintiff Roy Joshua Gouveia's ("Plaintiff") Declaration in Support of Request to Proceed In Forma Pauperis ("IFP Application") and Motion for Appointment of Counsel.  ECF Nos. 2, 3.  For the following reasons, Plaintiff's IFP Application and Motion for Appointment of Counsel are DENIED.

## I.    IFP APPLICATION

Plaintiff is currently incarcerated and his IFP Application is not on a District of Hawaii form.  Therefore, it lacks (1) certification by prison officials of the

amount currently in his prison account, (2) an account statement for the preceding six months showing all deposits and withdrawals to his account during that period, and (3) Plaintiff's consent to the withdrawal of funds from his account.  *See* 28 U.S.C. § 1915(a)(2).  His IFP Application is DENIED as incomplete.

Plaintiff is DIRECTED to submit a complete IFP Application on a District of Hawaii form that contains the information listed above, on or before September 16, 2020.  Failure to timely do so will result in **automatic dismissal** of this suit without prejudice.  *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).  The Court will take no action on any future filings until Plaintiff pays the filing fee or is granted IFP status.

## II.   MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  A court may request counsel to appear pro bono on a plaintiff's behalf, but cannot compel.  *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  The Court's discretion to appoint pro bono counsel is governed by several factors, including Plaintiff's likelihood of success on the merits and ability to articulate his claims in light of their

complexity.  A plaintiff must show "exceptional circumstances" that support the appointment of counsel.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff seeks appointment of counsel because he has "no clue" how to proceed in this action.  *See* ECF No. 3.  Plaintiff can read and write and is able to coherently articulate his claims.  Plaintiff's claims regarding a riot at the Maui Community Correctional Center ("MCCC") on March 11, 2019, are not particularly complex and there are no evident exceptional circumstances supporting the appointment of counsel.

Moreover, Plaintiff has been denied IFP status, and his Complaint has been returned to him for his failure to sign it.  The Court cannot proceed until a fully compliant IFP Application has been filed and granted, and the Complaint is returned with Plaintiff's signature.  The Court will then screen the Complaint to determine whether it states a plausible claim for relief, Plaintiff's likelihood of success on the merits of his claims, and whether exceptional circumstances justify appointment of counsel.  *See Terrell*, 935 F.2d at 1017.  Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

The Clerk is DIRECTED to send Plaintiff an Application to Proceed In Forma Pauperis by a Prisoner so that he can comply with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, August 25, 2020.



Jill A. Otake
United States District Judge

*Gouveia v. Captain Jackie M., et al.*, CIV. NO. 20-00342 JAO-RT; Order Denying In Forma Pauperis Application and Motion for Appointment of Counsel