IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY JOSHUA GOUVEIA,<br><br>Plaintiff,<br><br>vs.<br><br>CAPTAIN JACKIE M., SERGEANT TOTAU, SERGEANT HEDGE, CORRECTIONAL OFFICER GAZMAN, CORRECTIONAL OFFICER JUSTIN KANAKAOLE,<br><br>Defendants. | CIV. NO. 20-00342 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT JACQUE D. MULLEITNER'S MOTION TO DISMISS PRISONER CIVIL RIGHTS COMPLAINT, FIRST AMENDED COMPLAINT FOR LACK OF PROSECUTION |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT JACQUE D. MULLEITNER'S MOTION TO DISMISS PRISONER CIVIL RIGHTS COMPLAINT, FIRST AMENDED COMPLAINT FOR LACK OF PROSECUTION**

On January 20, 2022, defendant Jacque D. Mulleitner filed a Motion to Dismiss Prisoner Civil Rights Complaint, First Amended Complaint Filed on February 1, 2021 for Lack of Prosecution ("Motion to Dismiss").  ECF No. 63.  On February 4, 2022, defendants Juan Hedge, Pita Totau, Justin Kanakaole, and Isaac Gazmen filed a Joinder in the Motion to Dismiss ("Joinder").  ECF No. 67.  On January 21, 2022, this Court elected to decide this matter without a hearing pursuant to the Local Rules of Practice for the United States District Court for the

District of Hawaii ("Local Rules" or "LR").  ECF No. 64.  The Court, after carefully reviewing the Motion to Dismiss, Joinder, records in this case and applicable law, RECOMMENDS that the district court GRANT Defendants'[1] Motion to Dismiss.

## BACKGROUND

Plaintiff Roy Joshua Gouveia ("Plaintiff") commenced this case on August 10, 2020 by filing his Prisoner Civil Rights Complaint ("Complaint") that alleged violations of the Eighth Amendment and of his right to due process.  ECF No. 1.  On August 10, 2020, Plaintiff filed a Declaration in Support of Request to Proceed In Forma Pauperis (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 3).   Both were denied on August 25, 2020.  ECF No. 5.

On August 27, 2020, Plaintiff filed a letter informing the Court and parties of a change in address.  ECF No. 6.  Plaintiff indicated that he was in Hawaii at the Halawa Correctional Facility.  Id.

On September 24, 2020, Plaintiff filed a second Application to Proceed in Forma Pauperis by a Prisoner.  ECF No. 8.  On that same day, the Court received a letter from Plaintiff requesting for appointment of pro bono counsel and a hearing.  ECF No. 9.  On September 28, 2020, this Court issued an Order Granting In Forma

---

[1] Defendants Jacque D. Mulleitner, Juan Hedge, Pita Totau, Justin Kanakaole, and Isaac Gazmen shall be collectively referred to as "Defendants".

Pauperis Application and Denying Motion for Appointment of Counsel. ECF No. 10.

On October 22, 2020, the district court issued an Order Dismissing Complaint and granted Plaintiff leave to amend. ECF No. 11. On November 16, 2020, Plaintiff filed a Motion to Extend Deadline to Amend Complaint and requested the deadline to amend his Complaint be extended from November 23, 2020 to February 23, 2021. ECF No. 12. On January 25, 2021, the district court granted in part the requested extension and extended the deadline to February 28, 2021. ECF No. 15.

On February 1, 2021, Plaintiff filed a first amended Prisoner Civil Rights Complaint ("FAC"). ECF No. 16. The FAC alleged violations of the First, Eighth and Fourteenth Amendments. Id. The FAC also indicated that Plaintiff's mailing address is Halawa Correctional Facility, 99-902 Moanalua Road, Aiea, Hawaii 96701. Id. On March 9, 2021, the district court issued an Order Dismissing FAC in Part with Partial Leave to Amend and set a deadline of April 9, 2021 for an amended pleading or notice of election to be filed. ECF No. 17. On March 30, 2021, Plaintiff filed a notice of election. ECF No. 18.

On June 1, 2021, defendant Jacque D. Mulleitner filed an Answer to Plaintiff's FAC. ECF No. 26. On that same day, defendants Juan Hedge, Pita Totau, Justin Kanakaole and Isaac Gazmen filed an Answer to the FAC. ECF No.

27. On June 14, 2021, this Court issued a prisoner pro se Rule 16 Scheduling Order setting the date for jury trial, pre-trial conferences and pre-trial deadlines. ECF Nos. 30 & 46. Also on June 14, 2021, Plaintiff filed a "Notice to Proceed to a Trial Hearing/Motion to Proceed to Trial/Jury Trial. Motion Asking for Pro Bono Help." ECF No. 47.

On June 17, 2021, this Court issued an Order Denying Motion for Appointment of Pro Bono Counsel. ECF No. 48. On June 30, 2021, the copy of the Order Denying Motion for Appointment of Pro Bono Counsel that was sent to Plaintiff's last known address was returned as undeliverable. ECF No. 49. The return envelope indicated that Plaintiff was "Not Here" at the Halawa Correctional Facility. Id.

On August 11, 2021, Plaintiff failed to participate in a confidential telephone conference. ECF No. 52. The Court found that Plaintiff had actual notice of the confidential telephone conference and cautioned Plaintiff that "failure to attend all court proceedings and to diligently prosecute this action may result in appropriate sanctions, including dismissal of the instant action." Id. During the conference, defense attorney Ryan Akamine informed the Court that Plaintiff was released from custody and provided a possible address ("Potential Address") for Plaintiff. Id. A copy of the minutes on the confidential telephone conference was sent to

Plaintiff at both Halawa Correctional Facility and the Potential Address, but both were returned as undeliverable. ECF Nos. 53 & 54.

On October 19, 2021, Plaintiff again failed to participate in a confidential telephone conference. ECF No. 55. Defense counsel indicated that they have had no contact with Plaintiff. Id. The Court reminded Plaintiff that "he is obligated to comply with all Court rules, update the Court concerning his address and telephone number, attend all proceedings and to monitor the docket in this case." Id. The Court also cautioned Plaintiff that "his continued failure to attend court proceedings and to diligently prosecute this action may result in appropriate sanctions, including dismissal of the instant action." Id. The Court also informed Plaintiff that "[s]hould Plaintiff fail to appear for the 2/1/2022 conference, the Court will strongly consider the issuance of an Order to Show Cause." Id. A copy of the minutes was mailed to Plaintiff's address of record and the Potential Address. Both were returned as undeliverable. ECF Nos. 57 & 58.

On October 22, 2021, the Court advanced the telephone conference from February 1, 2022 to December 13, 2021. ECF No. 56. The Court again reminded Plaintiff that "he is obligated to comply with all Court rules, update the Court concerning his address and telephone number, attend all proceedings and to monitor the docket in this case." Id. Plaintiff was warned that his "continuing failure to do so, as well as his failure to appear for the 12/13/2021 conference may

5

result in sanctions, including dismissal of this action without prejudice." Id.  The Court directed that a copy of the entering order be mailed to Halawa Correctional Facility and the Potential Address.  Id.  The mail was again returned as undeliverable.  ECF Nos. 59 & 60.

On December 13, 2021, Plaintiff yet again failed to participate in the confidential telephone conference.  ECF No. 61.  The Court found that "Plaintiff has abandoned his claims such that case-terminating sanctions are appropriate[,]" and Defendant was directed to file a motion to dismiss for failure to prosecute this action.  Id.  All pretrial deadlines were suspended, but all court dates were to remain.  Id.

Defendant Jacque D. Mulleitner filed on January 20, 2022 a Motion to Dismiss Prisoner Civil Rights Complaint, First Amended Complaint Filed on February 1, 2021 for Lack of Prosecution.  ECF No. 63.  On February 4, 2022, the remaining defendants filed their Joinder and explained that they "seek the same relief of dismissal being sought by Defendant Mulleitner in her motion to dismiss."  ECF No. 67.

## DISCUSSION

Defendants seek dismissal under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b), which states:

> If plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against

> it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Id. "Rule 41(b) grants district courts discretion to dismiss an action for failure to prosecute, to comply with federal or local rules of civil procedure, or to comply with court orders." U.S.A. v. Real Property Located at 2855 Peter Street, Civ. No. 08-00523 JMS-RLP, 2014 WL 279598 at *3 (D. Haw. Jan. 23, 2014) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing the court's authority "sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (determining that pursuant to Rule 41(b), courts may dismiss an action sua sponte for failure to prosecute or comply with rules of civil procedure or the court's orders)). The Local Rules also require plaintiff to comply with the rules and in the event of noncompliance, grants the district court discretion to issue sanctions, including dismissal of the case. See LR 1.3, LR 11.1, LR 16.1 & LR81.1(a).

A court is required to weigh five factors when determining whether to impose a Rule 41(b) dismissal for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their

7

merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citations omitted); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

### A. The Public's Interest in Expeditious Resolution of Litigation

The Ninth Circuit has found that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff commenced this lawsuit on August 10, 2020. ECF No. 1. Almost two years has passed since the inception of this case. See Lalau v. City & County of Honolulu, 938 F. Supp. 2d 1000, 1008 (D. Haw. 2013) (The lapse of nearly two years since the case was removed to the federal court weighed in favor of dismissal).

In the beginning, Plaintiff was actively litigating this case as shown by his filing requesting to proceed in forma pauperis (ECF Nos. 2 & 8), requesting for the appointment of counsel (ECF No. 3, 9 & 47), notifying the court and parties of his change of address to the Halawa Correctional Facility (ECF No. 6), requesting an extension to his deadline to amend his Complaint (ECF No. 12), amending his Complaint (ECF No. 16), and providing the district court with notice of his election (ECF No. 18). Plaintiff is thus capable of litigating this case.

However, Plaintiff's participation in this case came to a sudden halt. Plaintiff has not appeared in this action since June 14, 2021 when he filed his

"Notice to Proceed to a Trial Hearing/Motion to Proceed to Trial/Jury Trial. Motion Asking for Pro Bono Help." ECF No. 47. Plaintiff did not notify the Court of his change of address. A copy of the Order Denying Motion for Appointment of Pro Bono Counsel was sent to Plaintiff's last known address of record, but the mail was returned, and the envelope indicated that Plaintiff was "Not Here" at the Halawa Correctional Facility. ECF No. 49. Plaintiff has failed to appear for telephone conferences and all mail sent to Plaintiff's address of record were returned as undeliverable. It has been nearly a year since Plaintiff's last appearance in this case. For these reasons, this factor weighs in favor of dismissal.

### B.  The Court's Need to Manage Its Docket

Under this factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990). "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . " Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiff's case has consumed the court's time which could have been devoted to other cases. Plaintiff failed to appear at three confidential telephone conferences on August 11, 2021 (ECF No 52), October 19, 2021 (ECF No. 55) and December 13, 2021 (ECF No. 61). Due to Plaintiff's failure to appear,

9

the confidential telephone conferences were continued. The parties and the Court convened on the dates scheduled for a confidential telephone conference only to have to reconvene at a later, continued date. As noted earlier, Plaintiff also failed to update his mailing address with the Court, which has resulted in mail being sent out and being repeatedly returned to the Court as undeliverable. The Court's need to manage its docket thus weighs in favor of dismissal.

### C.   Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." Id. (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

There have been unnecessary delays in this case. While limited delays are a reality in litigation, in this case, the delays caused by Plaintiff has been compounded for the following reasons. As stated earlier, Plaintiff failed to appear at three confidential telephone conferences, which thwarted any discussion of Plaintiff's case, including settlement discussions. See ECF Nos. 52, 55 & 61.

Plaintiff failed to meet his January 18, 2022 deadline to disclose all non-expert witnesses reasonably expected to be called at trial. ECF No. 46 at PageID #: 197-198; ECF No. 63-2 at PageID #: 303. Failure to disclose interferes with the defendants' ability to partake in discovery and thus hinders progress in the case.

Plaintiff also failed to inform the Court of his change in address as required by LR83.1(e). This rule requires that:

> (1) **Address Changes**. An attorney or a self-represented litigant whose email, post office box, physical mailing address, fax, telephone number, or firm affiliation changes while appearing in any pending case must file with the court and serve upon all other parties in all pending cases a Notice of Change of Address within fourteen (14) days that specifies the effective date of the change.
>
> (2) **Sanctions for Failure to Notify**. Failure to comply with this rule may result in sanctions, including but not limited to fines, dismissal of the case, or entry of judgment when:
>
>> (a) A document directed to the attorney or self-represented litigant by the court has been returned to the court as not deliverable; and
>>
>> (b) The court fails to receive, within thirty (30) days of this return, a written communication from the attorney or self-represented litigant indicating a current address for service.

LR83.1(e)(1)-(2). Plaintiff's failure to inform the parties and the court of a change in address is prejudicial. The Defendants are unable to serve any documents, motions or discovery requests on Plaintiff. Litigation is at a standstill as the parties and the Court attempt to serve the Plaintiff, and the Court holds hearings time and

time again giving Plaintiff several opportunities to appear. Plaintiff has failed to provide notice within 14 days of his change in address. Documents directed to Plaintiff has been returned to the Court as not deliverable, and the Court has not received written communication from the Plaintiff, within 30 days of the return, that his current address has changed. The parties could not serve Plaintiff with any documents since at least June 30, 2021, when a copy of the Order Denying Motion for Appointment of Pro Bono Counsel sent to Plaintiff's last known address was returned as undeliverable. ECF No. 49. Moreover, LR83.1(3) provides for the sanction of dismissal of the case in the event a plaintiff fails to notify the Court of a change in address. The Court finds that this factor weighs in favor of dismissal.

### D. Availability of Less Drastic Alternatives

"Less drastic alternatives to dismissal may include a warning or formal reprimand, along with another opportunity to comply with the Local Rules, a fine, and/or imposition of costs or attorney fees." U.S. v. Real Property Located at 2855 Peter Street in Honolulu, Hawaii, Civil No. 08-00523 JMS-RLP, 2014 WL 279598 at *6 (D. Haw. Jan. 23, 2014) (citing In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006)) (citation omitted). "However, where noncompliance—particularly a failure to provide current contact information—is solely the fault of the litigant, and thwarts the timely prosecution of an action, no lesser sanctions are appropriate or available. Id. (citing Carey v. King, 856 F.2d

1439, 1441 (9th Cir. 1988)). In this case, Plaintiff is noncompliant. He has failed to inform the parties and court of his current contact information. In the past, he has provided a notice of change in his address from Saguaro Correctional Center in Arizona to Halawa Correctional Facility in Hawaii and yet, has done nothing to inform the court of his current contact information. See ECF No. 6. Plaintiff's lack of diligence to take the steps necessary to bring this action to readiness for trial is apparent. See LR16.1. Accordingly, this factor weighs in favor of dismissal.

### E.     Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). This factor weighs against dismissal.

### F.     Fed. R. Civ. P. 41(b) Dismissal for Lack of Prosecution

Four out of the five factors weigh in favor of dismissal. This Court thus finds that Rule 41(b) dismissal for lack of prosecution is warranted.

## CONCLUSION

Based on the foregoing reasons, the Court FINDS that five factors weigh in favor of dismissal of this case and RECOMMENDS that the district court dismiss Plaintiff's claims against the Defendants with prejudice and without leave to amend pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution. This Court

RECOMMENDS that the district court dismiss this case and direct the Clerk of the Court to close this case.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 13, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00342 JAO-RT; *Roy Joshua Gouveia vs. Captain Jackie M., et al.*; Findings and Recommendation to Grant Defendant Jacque D. Mulleitner's Motion to Dismiss Prisoner Civil Rights Complaint, First Amended Complaint for Lack of Prosecution